[ ] AMENDED

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

_____

IN RE:   (1)  Marilyn Monroe Walton                    Case No.

     (2)
Debtor(s)                                              Chapter 13
_____

CHAPTER 13 PLAN
_____

Address: (1)  2759 Java Drive                          (2)
     Arlington, TN 38002

PLAN PAYMENT:

   DEBTOR (1) shall pay $ 100.00    ( )weekly, (x)every two weeks, ( )semimonthly, or ( )monthly

     (x)PAYROLL DEDUCTION FROM:                              OR  ( )direct pay
     Surface Dynamics
     3110 Stage Post Drive, Suite 101
     Bartlett, TN 38133

   DEBTOR (2) shall pay $              ( )weekly, ( )every two weeks, ( )semimonthly, or ( )monthly

     ( )PAYROLL DEDUCTION FROM:                              OR  ( )direct pay


1. THIS PLAN (Rule 3015.1 Notice):

   (A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19}    ( )YES   (x)NO

   (B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF    (x)YES   ( )NO
     THE COLLATERAL FOR THE CLAIM. [See plan provision #7 and #8]

   (C) AVOIDS A SECURITY INTEREST OR LIENS [See plan provision #12]    ( )YES   (x)NO

2. ADMINISTRATIVE EXPENSES:  Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

3. AUTO INSURANCE: ( )Included in plan, OR ( )Not included in Plan; Debtor(s) to provide proof of insurance
     at Section 341 meeting.

4. DOMESTIC SUPPORT:  Paid by ( )Debtor(s) directly, ( )wage assignment, OR ( )Trustee to:    Monthly Plan Payment

   _____; ongoing payment begins _____    $_____
     Approximate arrearage: _____    $_____
   _____; ongoing payment begins _____    $_____
     Approximate arrearage: _____    $_____

5. PRIORITY CLAIMS:
   _____ Amount: _____    $_____
   _____ Amount: _____    $_____

6. HOME MORTGAGE CLAIMS: ( ) Paid directly by Debtor(s); OR ( )Paid by Trustee to:

   _____; ongoing payment begins _____    $_____
     Approximate arrearage: _____    $_____
   _____; ongoing payment begins _____    $_____

        Approximate arrearage: _____    $_____

7. SECURED CLAIMS:
   [Retain lien 11 U.S.C. 1325(a)(5)     Value of Collateral:     Rate of interest:     Monthly Plan Payment:
    Easy Money_____     $2500.00_____     __7__ %     $ __75.00_____
    _____     _____     _____ %     $_____
    _____     _____     _____ %     $_____

8. SECURED AUTOMOBILE CLAIMS FOR DEBT WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:
   [Retain lien 11 U.S.C. 1325(a)]     Value of Collateral:     Rate of interest:     Monthly Plan Payment:
    _____     _____     _____ %     $_____
    _____     _____     _____ %     $_____
    _____     _____     _____ %     $_____

9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:
    _____     Collateral: _____
    _____     Collateral: _____

10. SPECIAL CLASS UNSECURED CLAIMS:     Amount:     Rate of interest:     Monthly Plan Payment:
    _____     _____     _____ %     $_____
    _____     _____     _____ %     $_____
    _____     _____     _____ %     $_____

11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:
    _____     ( ) Not provided for     OR   ( ) General unsecured creditor
    _____     ( ) Not provided for     OR   ( ) General unsecured creditor

12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C. 522(f):
    _____
    _____

13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.

14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: $_____

15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:
   ( ) _____% OR,
   (x) THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:
    _____    ( ) Assumes   OR   ( ) Rejects.
    _____    ( ) Assumes   OR   ( ) Rejects.

17. COMPLETION: Plan shall be completed upon payment of the above, approximately __60__ months.

18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.

19. NON-STANDARD PROVISIONS:
    _____
    _____
    _____
    ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.

20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE AS STATED IN

PROVISION 19.

_/s/Steven F. Bilsky_____    DATE:__9-13-19_____
Debtor(s) Attorney Signature or Pro Se Debtor(s)' Signature